UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at Pikeville)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | Criminal Action No. 7: 06-29-SSS-DCR |
| | ) | Civil Action No. 7: 08-7054-DCR |
| V. | ) | |
| | ) | |
| ELIO LOPEZ, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant/Petitioner. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

This matter is pending for consideration of whether the Court should issue Defendant/Petitioner Elio Lopez a certificate of appealability from the Court's denial of his request for § 2255 relief. Lopez filed a notice of appeal on September 23, 2010. [Record No. 748] According to the Federal Rules of Appellate Procedure, "if an applicant files a notice of appeal, the district judge who rendered judgment must either issue a certificate of appealability or state why a certificate should not issue." Fed. R. App. P. 22(b)(1). Unless a certificate of appealability is issued, a petitioner may not take an appeal from the final order denying § 2255 relief. *See* 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1). Because Lopez waived his right to appeal by failing to object to the Magistrate Judge's Report and Recommendation, and because he failed to make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability.

On June 30, 2008, Lopez entered a guilty plea to Count 1 of the indictment, which "charg[ed] a violation of 21 U.S.C. § 846[,] conspiracy to distribute 5 kilograms or more of a

mixture or substance containing cocaine." [Record No. 645, p. 1] On December 1, 2008, the Court sentenced him to a term of 151 months imprisonment, to be followed by five-year term of supervised release. [Record at 650] Shortly thereafter, a new attorney entered an appearance on Lopez's behalf and filed a Motion to Vacate Plea. [Record No. 653] The Court found this motion to be "procedurally improper" and granted him additional time to file a "properly completed and verified § 2255 motion." [Record No. 667] Ultimately, Lopez's new attorney also withdrew and Lopez filed his § 2255 *pro se*. Lopez argued that his counsel provided ineffective assistance by: (1) "advising petitioner to plead guilty to a crime he didn't commit"; (2) "fail[ing] to investigate the relevant facts and law prior to advising petitioner to plead guilty"; (3) allowing petitioner to plead guilty where there was no factual basis for the plea"; and (4) "failing to file a notice of appeal." [Record No. 704]

On August 24, 2010, the Magistrate Judge issued his Report and Recommendation. [Record No. 740] He recommended that the Court deny Lopez's § 2255 motion because his plea was knowing, intelligent, and voluntary and because he waived his right to collaterally attack his guilty plea, conviction, and sentence. [*Id.*, p. 4] The Magistrate Judge's Report and Recommendation made clear that specific objections must have been filed within fourteen days from the date of service or appeal was waived. [*Id.*, p. 11] Lopez did not file timely objections. [Record No. 746] The Sixth Circuit "has repeatedly held that a defendant *must* file such objections in order to preserve the issue for appeal." *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (emphasis in original) (citing *United States v. Campbell*, 261 F.3d 628, 631–32 (6th Cir. 2001); *Thomas v. Arn*, 728 F.2d 813, 814–15 (6th Cir. 1984); *United States v.*

*Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981)). Lopez failed to timely object to the Magistrate Judge's Report and Recommendation and, therefore, has waived any right to an appeal.

Further, Lopez has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Lozada v. Deeds*, 498 U.S. 430, 432 (1991). The Supreme Court has explained this standard as follows:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under Barefoot, includes showing that reasonable jurists could debate whether (or for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further.

*Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). In light of his voluntary plea, knowing waiver, and failure to object to the Report and Recommendation, Lopez has failed to make a substantial showing that he was denied a constitutional right. No reasonable jurist could debate that the petition should have been resolved in a different manner. Accordingly, it is hereby

**ORDERED** as follows:

1. Defendant/Petitioner Elio Lopez's request for issuance of a certificate of appealability is **DENIED.**

2. The Clerk is directed to send a copy of this Memorandum Opinion and Order to the Clerk of the United States Court of Appeals for the Sixth Circuit.

This 18th day of November, 2010.



Signed By:

*Danny C. Reeves*

**United States District Judge**