UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at Pikeville)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 7: 06-029-DCR-12 |
| | ) | |
| V. | ) | |
| | ) | |
| ELIO LOPEZ, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |
| | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

The Court will construe Defendant Elio Lopez's letter [Record No. 802] as a motion to reduce his sentence under Amendment 782 to the United States Sentencing Guidelines and 18 U.S.C. § 3582(c)(2). Lopez admitted to conspiring to distribute more than five kilograms of cocaine in violation of 21 U.S.C. § 846. [Record No. 623] Lopez, who lived in Chicago, was the sole supplier of more than 40 kilograms of cocaine in this large conspiracy to distribute cocaine in Eastern Kentucky from January 2002 to November 2006. [Record No. 749, pp. 21–22; 656, p. 10] Thirteen people were prosecuted in this conspiracy, resulting in twelve convictions.[1] On December 1, 2008, Lopez was sentenced to a term of imprisonment

---

[1] The original indictment, returned on November 21, 2006, named Pamela Justice and Darrell Triplett as the only defendants. [Record No. 8] Count 1 alleged a conspiracy to distribute cocaine in several counties in the Eastern District of Kentucky. On March 22, 2007, the first superseding indictment was returned, naming ten additional defendants. [Record No. 63] Lopez was first named in the second superseding indictment, which included a total of twenty counts, including forfeiture counts. A third superseding indictment was filed on September 26, 2007. This indictment named only five defendants who had not previously entered guilty pleas. [Record No. 537] Trial on those charges proceeded against Defendants Roy Branham, Terry Branham, Kathy Branham and Tina Mills beginning December 11, 2007. On December 21, 2007, the jury returned convictions on multiple counts against three defendants. The fourth defendant, Tina Mills, was acquitted. [Record Nos. 458, 462-67] Lopez was not taken into custody until February 4, 2008.

of 151 months and a term of three years of supervised release. [Record No. 650] After reviewing Lopez's motion and the record, the Court declines to reduce his sentence under the circumstances of this case.[2]

Lopez's base offense level, based upon the quantity of cocaine involved, was 34. [Record No. 656] However, he received the benefit of a three-level reduction for acceptance of responsibility resulting in a total offense level of 31. [Record No. 656, p. 4] After considering Lopez's Category II Criminal History, his non-binding guideline range was determined to be 121 to 151 months. [Record Nos. 656; 749, p. 32–33] Following allocution, this Court determined that a sentence of 151 months was required to meet all applicable goals and objectives of 18 U.S.C. § 3553.

The issue presented by the current motion is whether a sentence reduction would be warranted in light of recent amendments to the United States Sentencing Guidelines, while also considering all relevant factors to be considered under 18 U.S.C. § 3553. This includes the seriousness of the criminal conduct, the defendant's personal history and characteristics,

---

[2] The Court has also determined that appointment of counsel is not necessary. Further, this matter need not be scheduled for hearing to resolve the defendant's motion. There is no constitutional right to counsel or to a hearing in proceedings filed under 18 U.S.C. § 3582(c)(2). *United States v. Whitebird*, 55 F.3d 1007 (5th Cir. 1995); *United States v. Townsend*, 98 F.3d 510 (9th Cir. 1996); *United States v. Webb*, 565 F.3d 789 (11th Cir. 2009); and *United States v. Legree*, 205 F.3d 724 (4th Cir. 2000), *cert. denied*, 531 U.S. 1080 (2001).

A motion filed under 18 U.S.C. § 3582(c)(2), "is simply a vehicle through which appropriately sentenced prisoners can urge the court to exercise leniency to give [them] the benefits of an amendment to the U.S. Sentencing Guideline Manual. As such, it does not entitle [a prisoner] to appointed counsel." *Townsend*, 98 F.3d at 513 (citing *Whitebird*, 55 F.3d at 1011). Instead, the district court has discretion to determine whether appointment of counsel is warranted. Where, as here, the record and information possessed by the Court from the original sentencing is sufficient to consider any motion filed under 18 U.S.C. § 3582(c)(2), appointment of counsel would be unnecessary and a waste of resources.

the defendant's acceptance or responsibility and cooperation, specific and general deterrence, as well as the need to protect the public from potential, future crimes by Lopez.

This Court's analysis of the relevant factors under § 3553 is unchanged since the time of sentencing. Lopez argued that his criminal history was overstated at sentencing. Based counsel's understanding of Illinois state criminal law, Lopez's attorney argued that he should not have received two criminal history points because the defendant committed this crime while he was under supervision – not probation. [Record No. 656, pp. 6–7] Noting that Lopez did not object to the criminal history calculation and did not submit any evidentiary support for his interpretation of Illinois law, the Court rejected this argument. In short, Lopez's criminal history was properly calculated.

Lopez was the only source of cocaine for the co-defendants, and he was the individual highest up the chain in this particular conspiracy. Thus, he was responsible for the introduction of a huge quantity of cocaine in this area. After considering the sentences of Lopez's co-conspirators, the Court considered a sentence of 151 months to be appropriate. The Court considered but rejected several factors which Lopez argued supported a lower sentence, such as family support and his age. However, these factors did not support a sentence lower than 151 months. Instead, Lopez's age suggested that he was old understand and appreciate the consequences of his drug trafficking activities.

A reduced sentence under the circumstances would not serve the goals of general or specific deterrence. Further, a reduced term of imprisonment would not provide sufficient punishment for Lopez's lengthy and significant drug trafficking activity but would unduly diminish the seriousness of his criminal conduct. In short, after considering the severity of Lopez's criminal conduct and his criminal history, as well as the other relevant statutory

factors, a sentence of 151 months is required to attain the statutory goals and objectives of §3553. Accordingly, it is hereby

**ORDERED** that Defendant Elio Lopez's motion for a reduction of his sentence under 18 U.S.C. § 3582(c)(2) [Record No. 802] is **DENIED.**

This 13th day of March, 2015.

Signed By:
*Danny C. Reeves*   DCR
United States District Judge